R. B. SHERIDAN v. FRANCIS SHERIDAN ET AL.

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS NO. 1 OF PHILADELPHIA COUNTY.

Argued January 20, 1890—Decided June 4, 1890.
[To be reported.]

1. Under § 3, act of March 17, 1845, P. L. 160, and § 1, act of February 14, 1857, P. L. 39, the Courts of Common Pleas throughout the state have ample power to make partition by proceedings in equity, in all cases where the title of the plaintiff is clear.

2. The reason why a testamentary direction to sell real estate works a constructive conversion, is that an actual conversion is thereby made certain; and the estate is treated as having at once the qualities which it must necessarily have when the power of sale is executed.

3. Hence, when a will contains no positive direction to sell, but merely gives the executors a naked power of sale, to be used " if they find it necessary to do so in order to make a fair and equitable division " of the estate in accordance with the will, to work a conversion an actual sale is necessary.

(a) By her will a testatrix divided her estate into four shares bequeathing and devising one share to each of her three children for life, with a limitation over of said three shares and a gift of the fourth share to her grandchildren, to come into their possession at majority, respectively, and until then to be held in trust:

Statement of Facts.

4. In such case, as each grandchild became of full age the trust terminated as to him, and he became seised of such an interest in the real estate of the testatrix as enabled him to maintain a bill for a partition, notwithstanding an unexercised naked power to sell for purposes of division.

Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, MC-COLLUM and MITCHELL, JJ.

No. 137 July Term 1889, Sup. Ct.; court below, No. 669 December Term 1888, C. P. No. 1.

On December 31, 1888, Richard B. Sheridan filed a bill in equity against Francis Sheridan and others, praying for partition of a tract of land in the city of Philadelphia, containing about twenty-two acres.

The bill averred that Elizabeth G. Sheridan, deceased, died seised of said tract of land, leaving a will and codicil appointing Jacob L. Smith, Walter E. Rex and Joshua T. Owen as her executors; that, said Smith and Rex having renounced, letters testamentary were granted to said Owen as the sole acting executor, and that subsequently, said acting executor having died, the Orphans' Court of Philadelphia county appointed the Commonwealth Title Insurance & Trust Company to be trustee under said will in his place. The will, a copy of which was appended to the bill, provided, inter alia, as follows:

"Item. It is my wish and I hereby direct, that my son Robert shall have the privilege (if he so desires) of selecting as his share of my estate, or as a part of his share (as it may happen), that portion of the farm which belonged to him and which I bought at the sale of his property, subject however to the disposition and division of my property hereinafter made, and the share, interest and estate hereinafter given to each one of my children. . . . . .

"Item. I direct that all my estate, real, personal and mixed (except as hereinbefore disposed of), and all the rest, residue and remainder thereof, of whatsoever kind and wheresoever situate, shall be divided into four equal shares or portions; and I give, devise and bequeath unto each of my three children now living one of said equal shares or portions for and during the term of his or her natural life. The fourth or remaining portion of my said estate I order and direct to be divided into as many shares as there are grandchildren living at the time of

my death ; and I give, devise and bequeath one of said shares to Richard, child of my deceased son, Owen, absolutely when he shall attain his majority, and to be held by my executors in trust for him during his minority. The remaining shares or subdivisions of the above-mentioned fourth part of my estate I give, devise and bequeath to my other grandchildren living at the time of my death, each one share, and to be held in trust for them by my executors during their minority.

"Further, I order and direct that upon the death of each of my said three children now living, when and as the same may occur, the share of my estate above devised to each of them, shall be divided into as many shares or portions as there are grandchildren of mine then living, and I give, devise, and bequeath one of said shares to each grandchild to take effect in possession and enjoyment upon the arrival of each at the age of twenty-one years ; said shares to be held in the meantime by my executors in trust for said grandchildren.

"In the event of the death of any one of my said three children before my own death, I direct that his or her said share as above devised shall be divided in the same manner as the above-mentioned fourth share is to be divided at the time of my death.

"The object and intention of the above disposition of my property is to give each of my said grandchildren an equal share and portion in my estate, to take effect in possession and enjoyment when the life-estate of each of my said children shall terminate (subject to the said grandchildren being of age as above provided) and not to postpone such enjoyment until all my said children have died.

"Item. I order and direct that each of my said children shall during their respective life-estates have full power and authority to receive and take all rents, issues, and profits accruing from their respective shares, but they shall not in any manner encumber their said shares by any mortgage or judgment without authority first obtained from the court through my executors.

"Item. I hereby authorize and empower my executors, hereinafter named, to sell and dispose of the whole or any portion of my real and personal property at public or private sale, if they find it necessary to do so in order to make a fair and

equitable division of my estate; and I hereby give them full power and authority to make, execute, and deliver to the purchasers thereof all deeds and assurances which are necessary, and without any liability on the part of the said purchasers for the application of the purchase-money. And I further direct my executors to invest the money realized by any such sale in good and legal securities, which are to be held by them in trust for the uses and purposes hereinbefore specifically set forth."

The bill averred, further, that under the provisions of the will the one fourth part of the estate became vested in ten grandchildren of whom the plaintiff was one; that the plaintiff arrived at the age of twenty-one years on June 6, 1888; that no partition of the premises described had been made, and that the plaintiff desired such partition. A number of the beneficiaries under the will were averred to be in their minority, and their guardians were named as defendants.

The Commonwealth Title Insurance & Trust Company, trustee, one of the defendants named, demurred to the bill for the reasons:

1. By the terms of the will of Elizabeth G. Sheridan, her executors are given a power of sale to make " a fair and equitable division " of the estate, and under the act of assembly are vested with the freehold, which power extends to an administrator with the will annexed.

2. The bill does not name the present executor of the said will, nor, if it is intended to state that the Joshua T. Owen, who was trustee, is dead, does it give the name of the administrator cum testamento annexo.

3. The bill does not contain any averment that a request for a division or partition of said estate was made of the parties in interest before the filing of said bill.

Others of the defendants, by demurrer or answer, set up the same defences or some of them. The answer of Robert J. Sheridan averred that he had been duly appointed as the administrator d. b. n. c. t. a. of the estate of the testatrix, and that he, as such administrator, and the Commonwealth Title etc. Co. as trustee, had determined upon a plan for the sale of the property under the power of sale granted by the will, before the bill was filed.

After hearing and argument on the bill and demurrer, the court, without opinion filed, entered the decree, "demurrer sustained." [3] Thereupon the plaintiff took this appeal, specifying that the court erred:

3. In making the decree sustaining the demurrer.[3]

*Mr. George L. Crawford* (with him *Mr. Geo. M. Dallas* and *Mr. Samuel E. Maires*), for the appellant:

1. The precise question raised by the first of the reasons assigned as cause of demurrer is, whether the power of sale conferred by the will has worked a conversion of the realty, so that the whole estate is now to be regarded as personalty, and therefore not subject to partition: Bleight v. M. & M. Bank, 10 Pa. 131; Chew v. Nicklin, 45 Pa. 86. It is not alleged that the power has been executed, and the only inquiry is whether the will of itself effected a conversion. We submit that the clause containing the power of sale does not work a conversion, and that for several reasons.

2. In the first place, there is no positive and explicit direction to sell; the will does nothing more than merely to authorize a sale: Bleight v. M. & M. Bank, 10 Pa. 131; Stoner v. Zimmerman, 21 Pa. 394; Chew v. Nicklin, 45 Pa. 84; Peterson's App., 88 Pa. 397; Hunt's App., 105 Pa. 141; Barclay v. Kerr, 110 Pa. 135; Mellon v. Reed, 123 Pa. 14; Perot's App., 102 Pa. 235. Again, the exercise of the power is contingent, and is discretionary with the executors "if they find it necessary" to sell for a particular purpose: Bleight v. M. & M. Bank, 10 Pa. 131; Anewalt's App., 42 Pa. 414; Chew v. Nicklin, supra; Stoner v. Zimmerman, supra; Peterson's App., supra; Perot's App., supra. The authorities cited show that no conversion could take place until an actual sale.

3. Further; the intention of the testatrix must govern, and, not only is there no positive and explicit expression of an intention to change the quality of the estate by an equitable conversion, but from the language in which the authority to sell is given and from the will, read as a whole, it is apparent that the testatrix did not so intend: see the cases already cited. Conversion is still a question of intention notwithstanding § 13, act of February 24, 1834, P. L. 73: Edwards's App., 47 Pa. 144. The court below supposed that Brown's App., 27 Pa.

62 ; Ruffel's Est., 1 W. N. 286, and Lantz v. Boyer, 81 Pa. 325, were pertinent to this case ; but in the first and second cases there were positive directions to sell, manifesting an intention to convert, and in the third, no question of equitable conversion arose.

4. To work a conversion there must be either a positive direction to sell, an absolute necessity to sell in order to execute the will, or such a blending of realty and personalty as clearly shows an intention to create from them one fund and to bequeath the same as money: Hunt's App., 105 Pa. 128; Barclay v. Kerr, 110 Pa. 135 ; Mellon v. Reed, 123 Pa. 14. There being no conversion, there was no necessity to name the present administrator as a party. The answer of Robert J. Sheridan, however, brings him into court in that capacity. Nor was any request for a division before filing the bill necessary. As some of the parties are not sui juris, partition by agreement in pais could not be made. The bill itself was a sufficient demand for partition.

*Mr. William Knight Shryock* (with him *Mr. E. Cooper Shapley* and *Mr. J. K. Valentine*), for the appellees :

1. The true meaning and interpretation of the will is that the estate shall be divided into two portions, one of them comprising the three fourths devised to the children of the testatrix for life, and the other consisting of the one fourth part devised absolutely to the grandchildren living at her death. The first portion is devised to the executors in trust for the three children during life, and they are to hold the remainders, after the three life-estates, and also the second portion above mentioned, in trust for the grandchildren during minority. This is an active trust : Dodson v. Ball, 60 Pa. 492 ; Barnett's App., 46 Pa. 392 ; Wickham v. Berry, 55 Pa. 70 ; Earp's App., 75 Pa. 119 ; and the trust prevents any of the beneficiaries from having such seisin as will entitle them to partition : Hutchison's App., 82 Pa. 509.

2. The clause in which a share is given to the plaintiff "absolutely, when he shall attain his majority," does not favor the plaintiff's position. The whole provision is simply a trust for each of the grandchildren of portions to be paid over at majority, and for this and other purposes of the estate the executors

and trustees are given the power of sale. The fact that the beneficiaries are confined to grandchildren living at the death of the testatrix, enables her to establish a trust which would otherwise have become a perpetuity : Philadelphia v. Girard Heirs, 45 Pa. 9. This is an indication of the intention to create a trust, for there is no other reason, apparently, for the exclusion of afterborn grandchildren. Even if there was not a trust, the plaintiff who is only a tenant in common of an undivided purpart, has no right to this form of relief : Sweeny v. Meany, 1 M. 167 ; Freeman on Co-tenancy, § 439.

3. The question of conversion, so extensively discussed by the appellant's counsel, is immaterial in view of the trust which the will establishes. The real question is whether the testatrix has herself provided a method of sale, and whether the right of partition is consistent with the provisions of the will. We submit that the right would destroy the trusts. The whole estate is under the management and direction of the trustee, subject to the control of the Orphans' Court : Hutchison's App., 82 Pa. 514. The view that the testatrix contemplated a right in the plaintiff to take land in severalty, is negatived by the grant to the executors of a power to sell, for, during his minority, by making a sale they could deprive him of that right. The demurrer was the proper mode of raising our defence : Story's Eq. Pl., § 453 ; Fletcher v. Tollet, 5 Ves. Jr. 3.

OPINION, MR. JUSTICE WILLIAMS :

There can be no doubt that the Court of Common Pleas has jurisdiction by bill in this case. Prior to 1845, partition could be made in that court only on the law side, and by action ; but the act of March 17, 1845, conferred upon the Supreme Court in and for the Eastern District of Pennsylvania, and upon the Court of Common Pleas of Philadelphia county, jurisdiction in equity in all cases of partition. Afterwards, by the act of February 14, 1857, this jurisdiction was extended to the several courts of Common Pleas throughout the state, so that these courts now have ample power, on the equity side, to make partition in all cases where the title of the plaintiff is clear. The real question raised by this appeal is whether the plaintiff shows such a title as gives him standing in a court of equity.

Opinion of the Court.

The bill sets out that Elizabeth G. Sheridan was in her lifetime the owner of a tract of land in Philadelphia containing about twenty-two acres, with mansion and dwelling-houses, barn and horse-stable, and greenhouse thereon; that she died in September, 1886, leaving a will, which was duly proved, disposing of her entire estate; that by the terms of the said will she directed that her estate be divided into "four equal shares or portions," one of which she devised to each of her three children for and during the term of his or her natural life, and the remaining fourth part she directed should be divided into as many parts as she should leave grandchildren living at the time of her death. These she disposed of as follows: "I give, devise, and bequeath one of said shares to Richard, child of my deceased son Owen, absolutely, when he shall attain his majority, and to be held by my executors in trust for him during his minority." She then gave the other shares in the one fourth to her other grandchildren, naming them, but provided that the share of each be held in trust during his or her minority. Upon the death of each of her three children, she directed that the share held for life by such child should be divided among her grandchildren in the same manner as the one fourth given to them directly by the will was divided; thus securing her entire estate to her grandchildren, to be divided among them per capita. The bill further averred the majority of the plaintiff, and his right to have absolutely the one tenth of the one fourth of the estate under the terms of the will; the death of the executor, Joshua T. Owen, and the appointment of the Commonwealth Title Insurance & Trust Company as his successor in the trust; and that the testatrix left ten grandchildren to survive her, including the plaintiff.

The defendants demurred to the bill, setting out as ground of demurrer that the will contained a clause giving to the executors power "to sell and dispose of the whole or any portion of my real and personal property, at public or private sale, if they find it necessary to do so in order to make a fair and equitable division of my estate." This, it was urged, vested the title to all the estate in the executors, and worked a conversion of the real estate into personal, so that the plaintiff, having no title, could not be heard to ask for partition. The court below sustained the demurrer and dismissed the bill, and this decree is assigned for error.

Opinion of the Court.

The question thus raised is over the construction of the will of Mrs. Sheridan. It is not alleged that the executors had made an actual conversion of the real estate by sale, but the conversion asserted is a constructive one, resting on the clause of the will incorporated into the demurrer. It will be noticed that this clause contains no direction to sell. It gives a power to sell, but it leaves the question whether that shall be exercised or not to the discretion of her executors. If they "find it necessary to do so in order to make a fair and equitable division of my estate," then they may sell, but for no other purpose. If they do not find it necessary to a fair and equitable division, then they have no power of sale. The reason why a power of sale works a constructive conversion is that it makes an actual conversion certain, and the estate is treated as having at once the qualities which, under the terms of the power, it must necessarily have when the power is executed. When, therefore, there is no direction to sell, conversion in fact may never take place, and the reason for the doctrine of constructive conversion does not exist. A bare power to sell is not enough : Chew v. Nicklin, 45 Pa. 84. Nor is a power that may be used or not, at the discretion of the executor : Bleight v. M. & M. Bank, 10 Pa. 131. But a clear direction to sell for the purpose of making distribution works a conversion : Brown's App., 27 Pa. 62 ; Mellon v. Reed, 123 Pa. 1 ; and the estate will be treated as having the same qualities, and as distributable in the same manner, before the sale as after.

These cases rule the question now before us. The will contains a naked power of sale, to be used only for a single purpose, and upon the contingency that the executors find it necessary for a fair and equitable division of the estate. This is not enough. Upon looking over the will, we are led to conclude that Mrs. Sheridan regarded the exercise of the power as at least doubtful, and not, in her own view, necessary to the proper division of her estate. This appears in her direction that her son Robert should have the privilege of selecting as or upon his share that portion of the land which had once belonged to him, and which she had bought at sheriff's sale when it was sold from him. This right was made subject to the power of sale, and would have been swept away by its exercise ; but, if not thus divested, his right to take the particular land indicated

is beyond question. But her view of the effect of the power is made evident by the terms she has employed in conferring it. "If they find it necessary," they may sell, but only for one purpose. She says, in effect, "You may sell if you find that you must do so in order to make a fair division in accordance with my will; otherwise, you may not sell. Divide my estate, if you can do so fairly among those entitled to it, without a sale. If you cannot, then you may sell, and make division of the proceeds." Under the terms of this will, the executors held the title of the plaintiff, during his minority, in trust for him; but, when he reached the age of twenty-one years, he came into the legal estate; the trust was at an end, and with it the title of the trustees. He is the absolute owner of the share devised to him in the estate of Elizabeth Sheridan, and that estate has neither been converted into personalty by the act of the executors, nor by the operation of any rule of construction. It follows from what has now been said that the demurrer presented no reason for dismissing the plaintiff's bill, and it should have been overruled.

        The decree of the court below sustaining the demurrer is therefore reversed.