# Styer's Appeal.

1. The action of the Common Pleas in opening a judgment and in enter-
ing judgment for the defendant in the same, in a case stated involving the
consideration of the judgment, though erroneous and afterwards reversed,
did not dispense with the necessity of a *scire facias* to continue the lien ; and
the lien having been suffered to expire by the lapse of five years before the
judgment of the Common Pleas was reversed and judgment entered for the
plaintiff, it was *Held*, that the said judgment was postponed in favor of a sub-
sequent judgment.

2. Real estate, the use and profits of which were devised to the widow of
the testator for life, was sold by the widow and another person as trustees
under the will and executors, and conveyance in fee was made by them : it was
*Held* that though the widow would be estopped from claiming her life estate as
against her vendee, yet that she may not be estopped from claiming against the
distributees, who were to receive the proceeds of sale after the termination of her
and another's life estates, her just share of the proceeds of the sale during her
life, on proper security being given by her. That question, however, is deter-
minable only when the executors or trustees come before the proper tribunal,
in the settlement of their accounts or otherwise.

3. The judgment of the executors was held to be entitled to payment so far
as the fund extended, after the payment of a judgment against the purchaser,
obtained after the judgment of the executors, but the lien of which was in
existence at the time of the sheriff's sale of the premises. The distribution
of the amount so received by the executors to be settled before the proper
Court.

THIS was an appeal from the decree of the Court of Common
Pleas of *Montgomery county*, decreeing distribution of the pro-
ceeds of sale of real estate of Solomon Freas, sold at sheriff's
sale. The property was sold for $2132, on a *vend exp.* to
November T., 1851, issued on a judgment in favor of Elizabeth
Styer and Henry Styer, acting trustees and executors of the will
of David Styer, deceased, against Solomon Freas. Upwards of
$2000 was paid into Court, and an auditor was appointed to report
distribution. The judgments against Solomon Freas were as fol-
lows :

A judgment entered June 5th, 1843, on a bond in favor of the
trustees or executors of the will of David Styer, deceased. A *fi. fa.*
was issued thereon.

The judgment of the trustees and executors, before referred to,
was given for a part of the purchase-money of a tract of land,
sold by the said trustees at public sale, to Solomon Freas for
$2190. He paid $730 in cash and executed a bond in their
favor, with a warrant of attorney, for $1460, the balance of the
purchase-money, and the executors executed to him a deed in fee
simple for the land. On 30th October, 1843, a motion was made
to the Court, on the part of Solomon Freas, for a rule to show
cause why the judgment should not be opened, &c., on the ground

that the executors had no power to sell the lands referred to, and that therefore the consideration of the bond had failed.

A rule was granted. On 31st January, 1844, the rule was argued and the judgment was *opened* and the proceedings subsequent thereto set aside; and on March 1, 1844, the Court were of opinion that the executors had no power to sell during the life of *the widow* of David Styer, and that the title being defective, the consideration of the bond had failed; and judgment was entered for the defendant in the case stated.

That judgment was reversed, and judgment entered for the plaintiff therein. See a report of the case in 3 *Harris* 339–343. Thus: The judgment of the executors was entered on 5th June, 1843. It was *opened* on 31st January, 1844, and the subsequent proceedings set aside. On March 1st, 1844, the case was stated, and on the same day the Court directed judgment to be entered for the defendant in the case stated; and on 12th April, 1851, the record was remitted from Supreme Court with the proceedings reversed, and judgment for plaintiffs. Then, to May Term, 1851, an *alias fi. fa.* was issued on the judgment against Solomon Freas on the bond, and a levy made on the land sold to Solomon Freas by the executors; and the same land was sold on the *vend. exp.*, on that judgment to November T., 1851, the money in dispute having arisen from that sale. During the period from the opening of the judgment on January 31st, 1844, till April, 1851, there was *no revival* of the judgment of the executors.

On November 25th, 1850, a judgment was entered in favor of The Washington Benevolent Society, &c., against Solomon Freas and another.

Before the auditor the fund in Court was claimed as follows: *First*, For Elizabeth Styer, who was the widow of David Styer, was claimed a sum equal to the amount of interest accrued from April 2d, 1840, on $1460, the principal of the bond given by Solomon Freas, on April 2d, 1840, to the said Elizabeth and Henry Styer, executors of the will of David Styer, on which the judgment before referred to was entered.

*Secondly*, The residue of the fund was claimed for the said executors on their judgment against Solomon Freas.

The fund was also claimed, First, for the Washington Benevolent Society on its judgment; and.secondly, the residue of the fund was claimed to be equally divided among the children of Mary Scheetz, deceased, or their legal representatives.

The terms of the will of David Styer, which are material in this matter, are stated in the report in 3 *Harris*. By it he devised to his wife Elizabeth all his personal property. And he gave to her the use, or the rents and profits of all his lands in Whitpain township, during the term of her natural life; and after her decease, his daughter Mary to enjoy the use and profits of the said '

[Styer's Appeal.]

land during her natural life; and after the decease of Mary the lands to be sold by the trustees, or the survivor of them, who were authorized to execute good titles for the same, and the money arising from the sale to be paid in equal shares to all the children of his daughter Mary, &c. Mary died after her father, leaving four children. Afterwards, on the 11th November, 1839, the land, the use or rents of which had been devised to the widow for life, and after her death to Mary the daughter, was sold by Elizabeth Styer, the widow, and Henry Styer, acting trustees and executors, at public sale to Solomon Freas, as before stated; and on 2d April, 1840, they executed a deed to him in fee simple.

The auditor was of opinion that the trustees had no judgment from January 31, 1844, when it was opened, till April, 1851, when the record was returned from the Supreme Court. But if the said judgment was to be regarded as a subsisting judgment during such time, still as it was *not revived* during that time, it ceased to be a lien after five years. He referred to the provisions in the third section of the Act of 1827, that "no order or rule of Court, or any other process or proceeding thereof, shall have the effect of obviating the necessity of the revival, in manner herein prescribed, of any judgment whatever." Also Frick's Appeal, 1 *Watts* 393. He reported in favor of the judgment of the Washington Benevolent Society as being entitled to priority of payment.

As to the claim of the widow to *the interest* which accrued upon the bond of Freas, he said that she had the right to waive the benefit to herself, under the will, of the rents and profits of the real estate during her life, and that she did waive it by joining in the deed; and that therefore she was not entitled to the interest of the bond: Gast v. Porter, 1 *Harris* 533.

As to whether the balance of the fund, after the payment of the judgment of the Washington Benevolent Society, was to be awarded to the executors, or directly to the issue of Mary, he decided in favor of the payment to the executors, and that the children might claim through them. The distribution, therefore, was *first* to the judgment of the Washington Benevolent Society, and the balance to the executors.

Exceptions to the report were filed on the part of the widow; and also on the part of Freas for not awarding the balance of the fund directly to the children of Mary.

SMYSER, President Judge, confirmed the report of the auditor.

On the part of the widow exceptions to the decree were filed, First: That the Court erred in deciding that the judgment of the Washington Benevolent Society was first entitled to payment; Second, to the decree that the widow was not entitled to any portion of the fund; The third was to the effect that the widow was entitled to *the interest* which

[Styer's Appeal.]

accrued on the bond of Freas, and the executors to the balance of the fund.

*Mulvany*, for the appellants.

*Fox*, for appellees.

The opinion of the Court was delivered by

LEWIS, J.—The action of the Court below, in opening the judgment of 5th July, 1843, in favor of the executors of David Styer, deceased, and in rendering judgment for the defendant, upon the facts stated, did not dispense with a *scire facias* to continue the lien. The Act of 26th March, 1827, is explicit in declaring that "no order or rule of Court, or any other process or proceeding thereof, shall have the effect of obviating the necessity" of a *scire facias* to continue the lien. Had the plaintiffs in that judgment pursued the provisions of the statute in this respect, the erroneous proceedings of the Court, which were afterwards reversed, would not have affected their lien. As the case stands, their judgment is postponed in favor of the intervening judgment obtained by the Washington Benevolent Society of Whitpain township; but it is entitled to the residue of the money, after payment of that judgment, and the expenses of the audit. This was the decree of the Court below, and that decree is affirmed for the reason already stated. In thus awarding the residue of the money to Elizabeth and Henry Styer, executors and trustees, under the will of David Styer, deceased, in satisfaction *pro tanto* of the judgment in their favor, we give no direction respecting the distribution of it by them. This direction will be given, if necessary, when they come before the proper forum in the settlement of their accounts, or when they are properly before the Court for direction in regard to the duties of their trust. The distribution should be made according to the true intention of the testator; and if it be true, as decided in Styer *v.* Freas, 3 *Harris* 342, that "the daughter being dead, not only the *words* of the power, but the *intent* of the testator were fulfilled by the widow joining in the deed," it will be worthy of consideration, at the proper time, whether the faithful performance of her duty as executrix and trustee is to deprive her of the provision made in her favor as devisee. Her act in joining in the conveyance, even if not in strict conformity to the power, would estop her from afterwards claiming against her own vendee the life estate which she had conveyed to him. But the conveyance may, nevertheless, not estop her from claiming against the distributees her just share of the proceeds of the sale. When the vendee bought, he paid his money upon the faith that the conveyance gave him a good title, and it would be unjust to permit one who had thus misled him to disturb his possession. But the dis-

[Styer's Appeal.]

tributees under the will have no such equity. On the contrary, the life estate of the widow increased the amount of the consideration received, to the extent of its value, and if she should be permitted, upon proper security, to enjoy the possession of the consideration money for the term of her life, we do not perceive how this could affect injuriously the rights of those in remainder. The conversion of the estate into money is not necessarily a transfer of the life estate to the remainder-men. These remarks are made merely to guard against misconstruction in affirming the present decree of distribution, and without any intention to decide any question not raised by the record before us.

Decree of distribution affirmed.