# Knapp *v.* Nissley, Appellant.

*Trusts and trustees—Testamentary trustee—Power of sale after death of life tenant—Sale before death of life tenant—Life tenant's consent—Purchase by life tenant—Validity of sale—Estoppel.*

1. Powers must be strictly pursued and a power to be exercised upon a given event cannot be properly executed before the happening of that event; but where the power is complete, but its exercise is postponed for the benefit of a particular person, the consent of that person will be equivalent to the happening of the stipulated contingency. Consent in such case need not be shown by deed, but can be proven by the words or actions of the parties implying it.

2. A testamentary power to sell real estate after the death of a life tenant can be exercised by a trustee before that event, if done with the former's consent and for the purpose of ultimate distribution of the testator's estate.

3. When in such case the life tenant himself purchases the prop-

erty in question from the trustee, such sale will not be declared invalid in an action of assumpsit instituted more than twenty-three years thereafter by the administrator c. t. a. of the then deceased cestui que trust, to recover purchase-money from one who subsequently bought the premises at a public vendue duly ordered in a judicial proceeding, where such personal representative was duly authorized and directed to execute a deed and collect the fund, and there was no attack upon the sufficiency of the consideration paid by the life tenant at the time of the sale to him, and no allegation or proof of a fraudulent purpose to defeat or destroy the trust; and where it further appeared that immediately after acquiring the property the life tenant made extensive improvements; and that the purchase-money paid by him had been distributed after his death to those ultimately entitled.

Argued May 15, 1916. Appeal, No. 150, Jan. T., 1916, by Daniel H. Nissley, from judgment of C. P. Lancaster Co., April T., 1916, No. 30, on case stated, in case of E. Louise Knapp, Administratrix c. t. a. of the estate of John Abraham Sprenger, v. Daniel H. Nissley. Before BROWN, C. J., MESTREZAT, POTTER, MOSCHZISKER and FRAZER, JJ. Affirmed.

Case stated in assumpsit. Before HASSLER, J.

The opinion of the Supreme Court states the case.

The lower court entered judgment for the plaintiff for the sum of $10,125. Defendant appealed.

*Error assigned* was the judgment of the court.

*Spencer G. Nauman,* with him *Owen P. Bricker,* for appellant.—Powers to testamentary trustees must be strictly construed and it is not permissive to read into them anything that is not set forth in the context of the instrument: Wetherill v. Wetherill, 18 Pa. 265; Salter v. Howell, 15 S. & R. 188.

A sale of the property to the life tenant was clearly invalid: Miller v. Lynn, 7 Pa. 443; Rodgers v. Rodgers, 7 Watts 15; Hermann's Est., 220 Pa. 52; Loomis v. McClintock, 10 Watts 274; Rife v. Geyer, 59 Pa. 393.

*John E. Malone,* with him *H. M. Houser,* for appellee.

OPINION BY MR. JUSTICE MOSCHZISKER, July 1, 1916:

This is an appeal by the defendant from a judgment for the plaintiff, entered on a case stated. The points involved are: (1) Can a testamentary power to sell real estate after the death of a life tenant be exercised by a trustee before that event, if done with the former's consent, and for the purpose of an ultimate distribution of the testator's estate? (2) When the life tenant, himself, purchases the property in question from the trustee, should such a sale be declared invalid in an action of assumpsit instituted more than 23 years thereafter by the administrator c. t. a. of the then deceased cestui que trust, to recover purchase-money from one who subsequently bought the premises at a public vendue duly ordered in a judicial proceeding, such personal representative being authorized and directed to execute a deed and collect the fund; there being no attack in the suit at bar upon the sufficiency of the consideration paid by the life tenant at the time of the sale to him, and no allegation or proof of a fraudulent purpose to defeat or destroy the trust; it appearing, moreover, that, "immediately after acquiring the property, Sprenger (the life tenant) made extensive improvements" thereto, and that the purchase-money paid by him had been distributed to those ultimately entitled to the testator's estate under the provisions of the will containing the power of sale?

The governing facts set forth in the case stated are as follows: Adaline Sprenger, who was the wife of John Abraham Sprenger, died, testate, June 5, 1892; she willed all her estate to Frank R. Diffenderffer, her executor, in trust, to pay the income therefrom to her husband for life and, after his death, to sell the property and divide the proceeds among certain designated legatees. At the death of the testatrix, she owned, inter alia, a property, No. 142 East Chestnut street, in the City of Lancaster. On July 28, 1892, Diffenderffer, the trustee, sold

and conveyed these premises to Sprenger, the life tenant, for the price or sum of $3,000, $1,500 thereof being secured by a purchase-money mortgage, which was subsequently paid off, and the remaining $1,500 being paid by the purchaser assuming an existing encumbrance against the property, in that amount. It was, in effect, conceded that the consideration paid by the life tenant represented a fair price for the property at the time of the conveyance to him, and there was no allegation of any fraudulent intent or purpose to overcome or destroy the trust. The legatees who, upon the death of the life tenant, were entitled to the proceeds of testator's real estate, never objected to the sale in question, and, when the latter's executor and trustee filed his final account, charging himself, inter alia, with the proceeds therefrom, the "money was distributed to (such) heirs." Sprenger, himself, occupied the property from the time of its purchase, July 28, 1892, to the date of his death, September 28, 1914, and, during such occupancy, he spent considerable money in improvements, which greatly enhanced its value.

The clause of the will under which the trustee was empowered to sell is as follows, viz: "Item. After the death of my said husband, J. Abraham Sprenger, it is my will and I do hereby direct that my executor shall sell all my real and personal estate that shall remain in the hands of the said trustee and the proceeds of such sale or sales and all other moneys that may belong to the estate shall be divided into four shares; one of which I give and bequeath to the children of my sister-in-law, Martha Connell, in equal shares; one to the children of my brother-in-law, George F. Sprenger, in equal shares; one to the children of Anna Sarah Diffenderffer, wife of Frank R. Diffenderffer, in equal shares, and one to Herbert E. Eicholtz."

In holding that the clause just quoted sufficiently empowered the trustee to make the sale here under attack, and that it should not now be declared invalid, the court

below said: "It is well settled, as stated by Justice
MITCHELL, in Hamlin, Admr., v. Thomas, et al., 126 Pa.
20, that 'powers must be strictly pursued, and a power
to be exercised upon a given event cannot be properly
executed before the happening of that event; but the
exception is equally well settled that, where the power
is complete, but its exercise is postponed for the benefit
of a particular person, the consent of that person will be
equivalent to the happening of the stipulated contin-
gency.' In the case at bar the power of the trustee to sell
is complete, though its exercise is postponed for the bene-
fit of J. Abraham Sprenger until his death; that it is
done for his benefit is clearly shown in the will where the
testatrix says that she puts the property in trust for the
benefit of her husband only because she does not want
it made liable for debts incurred by him in some previous
unfortunate (business) ventures. He (the life tenant)
consented to the sale by the trustee to himself for the
purpose of distribution, as is shown by the fact that he
took the deed, gave a mortgage for the portion of the
purchase-money which he subsequently paid off, and took
possession of the property, making valuable improve-
ments upon it. Consent in such case need not be shown
by deed, but can be proven by the words or actions of the
parties implying it: Gast v. Porter, 13 Pa. 533; Brown's
App., 27 Pa. 62; Hamlin v. Thomas, 126 Pa. 20......
We are of the opinion that the trustee sold for the pur-
pose authorized in the will, that is, for the purpose of
distribution, and it does not matter whether the distri-
bution was to be at once or not; this view is supported
by the case of Styer v. Freas, in 15 Pa. 339, and Styer's
App., 21 Pa. 86......The sale was for the purpose of dis-
tribution, though it does not appear that an immediate
distribution was intended......; this, however, was a
matter between the trustee and those to whom the pro-
ceeds of sale were to be paid according to the terms of the
will of Adaline Sprenger, deceased. We do not think,
however, that the intent of the trustee, or of J. Abraham

Sprenger, as to whether the distribution was to be immediate, affects the title conveyed by the sale. The rights of those interested were fixed by law when the sale was made. If the consent of J. Abraham Sprenger to the sale was a relinquishment of his right to enjoy the property during his lifetime, which is contrary to the dictum in Styer's Appeal, supra, an immediate distribution should have been made, and it was the duty of the trustee to have made it, or the persons interested could have compelled him to do so. The money was not distributed for twenty-three years after the sale, which was after J. Abraham Sprenger's death. Of this certainly no one can complain but those entitled to receive it. They have not complained, though they had opportunity to do so, having been given due notice that the proceeds of the sale were to be distributed in the Orphans' Court. On the contrary, each one has accepted his or her share in the purchase-money, and released the trustee from any liability because of it; they have, therefore, acknowledged the legality of the exercise of the power of sale of the land in question by the trustee, at the time and under the circumstances under which he exercised it, and are estopped from ever questioning it."

Rife v. Geyer, 59 Pa. 393, relied upon by the appellant, may readily be distinguished from the present case. The real questions there determined concern the character of the trust then before the court—whether active or passive—and the applicability of the Rule in Shelley's Case. Moreover, the report of Rife v. Geyer indicates that there was no consideration given by the life tenant when the trust property there involved was conveyed to him, and that the conveyance was for the very purpose of destroying the trust created by the testator; whereas, here there was no such intention, and the price paid, the sufficiency of which is not questioned, was immediately substituted for the real estate.

Mr. Chief Justice Brown took no part in the decision of this case, since, while at the bar, he at one time acted

as attorney in matters connected with the property now in controversy, and his name appears as a witness on the deed to the life tenant. We conclude that the questions stated at the head of this opinion were correctly decided by the court below.

The assignment of error is overruled, and the judgment is affirmed.