Estate of Sallie B. Dingee, Deceased.

456

Argued March 16, 1933.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*Thomas Ross* and with him *Howard I. James* and *Charles L. Taylor,* for appellant, cited: Gilliland v. Bradin, 63 Pa. 393; Stover's Appeal, 77 Pa. 282; Thompson's Estate, 304 Pa. 349.

*Henry A. James,* for appellee, cited: Gast v. Porter, 13 Pa. 533; Styer v. Freas, 15 Pa. 339.

Opinion by Stadtfeld, J., July 14, 1933:

This is an appeal from the decree of the orphans' court of Bucks County denying the petition of Lawrence G. Taylor, testamentary trustee under the will of Sallie B. Dingee, deceased, to sell certain real estate in decedent's residuary estate in order to raise a fund to pay taxes and insurance on decedent's homestead which was devised to the trustee in trust for several successive life tenants with remainder over.

Sallie B. Dingee died on the 4th day of July, 1909. On July 12, 1909 her last will and testament was duly probated in the orphans' court of Bucks County, Pennsylvania.

The said Sallie B. Dingee, by her said last will and testament, inter alia, provided as follows: "I give devise and bequeath unto Lawrence G. Taylor one of my executors hereinafter named all that certain messuage and tract of land known as Croyden Lodge being the same mansion house in which I now reside together with the tract of land immediately surrounding the same which I now use as a lawn orchard truck patch and vegetable garden and poultry yard containing about five (5) acres of land more or less being part of the farm which I purchased from the estate of the late Robert Swift in trust nevertheless for my sister Maggie W. Frost and my niece Eliza L. Frost for and during the term of their and each of their natural lives remainder after the death of the survivor of them to my niece Sallie D. Bailey for life remainder after the death of said Sallie D. Bailey to my grand nephew Elwood Heston Bailey for life remainder after the death of the said Elwood Heston Bailey to his children share and share alike.

"I order and direct the said Laurence G. Taylor my trustee to determine the boundaries of said tract of five acres more or less above described and to have a survey made thereof and to place the same upon record I further order and direct that the household furniture in my said mansion house at the date of my decease to be kept and retained therein the same to be considered as a part of the said real estate and to descend (S. B. D.) in the same manner as the real estate in or upon which it is situated for and during the term of ten years after my decease during which time I have hereinafter directed my farm (exclusive) of the mansion house and said five acres more or less, to be held in trust as hereinafter desig-

nated and directed I order and direct that from the income from said farm a sum be taken each year sufficient to pay all taxes and insurance on said mansion house and five acres of land more or less if the income from said farm is sufficient therefor. If income from said farm is not sufficient for this purpose I order and direct that said taxes and insurance be paid each year out of my residuary estate.

"After said period of ten years I order and direct that the said taxes and insurance be paid each year out of my residuary estate during the lives of my sister Maggie W. Frost and my niece Eliza L. Frost. After the death of my sister Maggie W. Frost and my niece Eliza L. Frost I order and direct that the parties then entitled to beneficial interest in enjoyment of said mansion house and five acres of land more or less shall pay the taxes and insurance thereon and if they do not do so I order and direct my said trustee to rent the said mansion house and five acres more or less and to pay said taxes and insurance out of the proceeds of such rental paying the balance to the parties who may then be entitled thereto during the time which my sister Maggie W. Frost and my niece Eliza L. Frost shall be entitled to the beneficial interests or enjoyment of said mansion house and five acres of land, the said mansion house and five acres of land is not to be rented under any pretext whatsoever."

On March 29, 1910, the following paper was filed and entered of record in orphans' court book Vol. 37, page 575: "On March 29, 1910, Maggie W. Frost and Eliza L. Stewart, formerly Frost, by their attorneys, renounce in favor of Sallie D. Bailey all claim and right which they might have under the will of Sallie B. Dingee, deceased, to a certain messuage and tract of land containing about five acres, known as Croyden Lodge, and also to all the household furniture which the said Sallie B. Dingee died seized."

On July 21, 1911, the Fidelity Trust Company, Douglas W. Stewart, committee of Maggie W. Frost, a lunatic, and Douglas W. Stewart and Eliza L. Stewart, his wife, by deed duly recorded, conveyed to Sallie D. Bailey all interest of the said Maggie W. Frost and Eliza L. Stewart in a certain tract of land owned by Sallie B. Dingee estate and parties under her will, which is situate in Bensalem Township, Bucks County, Pennsylvania, known as Croyden Lodge, containing four acres and 95 one-thousandth acres of land more or less. This tract or piece of land is the tract or piece of land in question in this proceeding, to which the life estates attach.

At the argument of this appeal a controversy arose between counsel for the respective parties over the admission of certain documentary evidence printed as "record of appellee," and comprising the deed of Fidelity Trust Company and Douglas W. Stewart, committee of the estate of Maggie W. Frost, a lunatic, and Douglas W. Stewart and Eliza F. Stewart, his wife, to Sallie D. Bailey, dated July 21, 1911, recorded July 25, 1911, above referred to.

Counsel for appellant contended that the said deed is not part of the record in this appeal, although the lower court treated the same as if it had been offered and received in evidence.

Since the argument of the appeal in this court, a petition has been presented on behalf of Lawrence G. Taylor, trustee, appellant, asking that the record in this appeal be sent back to the lower court for such further testimony as the parties may elect to present. Counsel for appellee objects to this petition. We are of the opinion that it would not be proper to send the record back to re-open the case generally, but we will treat the appeal as if the deed and the record of the proceedings therein referred to, had been offered and received in evidence. This will enable us to consider

and dispose of the case on the merits of the real questions involved in this appeal.

The petition of the trustee for the sale of the 32 acre tract which constitutes all that now remains of decedent's residuary estate, sets forth the provisions of the will of said decedent as hereinbefore recited; that the said Sallie D. Bailey, life tenant, is now enjoying the beneficial interest in the mansion house tract of five acres; that the said mansion house and outbuildings on said tract are badly in need of repairs to protect and preserve the property for the benefit of life tenants and remaindermen; that the yearly carrying charges are approximately equal to the gross revenue received from said premises when they are rented, and that no adequate fund remains for payment of taxes and insurance; that the testatrix in the 17th paragraph of her will directs that after the 10 year period following her death the taxes and insurance on her mansion house tract are to be paid each year out of her residuary estate during the lives of her sister Maggie W. Frost (now deceased) and her niece Eliza L. Frost (Stewart) now living, and in default thereof the party then entitled to the beneficial interest in said mansion house tract shall pay the same; that the said Sallie D. Bailey has failed to pay and is now failing to pay the taxes and insurance; that foreclosure suits on overdue taxes and overdue mortgage interest are presently threatened, which will dissipate the corpus of the trust estate in this case and petitioner desires to protect and preserve the corpus of the trust estate for the *benefit of the succeeding life tenant and remainderman.* (Italics ours.) Petitioner prayed that a citation issue, directed to the said Sallie D. Bailey, residuary legatee, to show cause why the said 32 acre lot should not be sold in order to raise a fund to pay taxes and insurance on the mansion house tract.

To this petition an answer was filed by Sallie D. Bailey, objecting to the sale, averring, inter alia, that the 32 acre lot is part of the residuary estate, and as such belongs to her absolutely and that therefore, if the premises, which are her own property, should be sold, and the proceeds applied to the payment of taxes and insurance on the homestead, it would be using her absolute property for the purpose of taking care of the homestead property in which she has only a present life estate.

Elwood Heston Bailey, the next succeeding life tenant under the terms of the will, was not cited to appear and filed no answer, but appeared and testified, under objection, before the lower court, without any application to, or order by the court, that he be joined as a respondent. It appears from the opinion of the lower court that he likewise objected to the petition for sale.

The children of Elwood Heston Bailey, minors, remaindermen, appeared by their guardian ad litem, and urged the consummation of the sale for the protection of their interests.

Replication was filed by the trustee and issue joined and hearing held before SHULL, P. J., specially presiding.

The court below held that the renunciation above referred to was a nullity in so far as operating as a transfer or termination of the first life estate, and found that by the said deed of the Fidelity Trust Company and Douglas W. Stewart, committee et al., there was vested in Sallie D. Bailey all of the estate and right which by virtue of the decedent's will at the time of her death became vested in Maggie W. Frost and Eliza L. Stewart, formerly Frost. The court construed the will and concluded that the trust is terminated as to real estate in the residuary estate, and denied the prayer of the petition for the sale of the

said real estate and decreed accordingly. From that decree this appeal is taken by the trustee.

Appellant contends that the court erred (a) in holding that there was a conveyance of the first life estate and therefore a merger of the first and second life estates in this case; (b) in attempting to construe the will and particularly that part which directs that taxes and insurance on the homestead after a period of ten years after decedent's death were a charge on the residuary estate during the lives of the two first life tenants, and that the same is in such clear, unequivocal and unambiguous language that it needs no construction; and (c) that the construction put thereon by the lower court is erroneous.

(a) The first objection, in view of the petition to have the case referred back for further testimony, and our willingness to dispose of the case as if the deed of the first life tenants to Sallie D. Bailey, and the proceedings therein referred to, had been formally noted as offered in evidence, need not be considered. This is eminently proper, as the court below as also the parties, evidently treated the same as properly before the court, and that the deed vested in the said Sallie D. Bailey all of the interest of the first life tenants. The many technical objections urged against the deed, as not operating to convey the life estate of the said Maggie W. Frost, are of no importance in view of the subsequent decease of the said Maggie W. Frost. At all events, the deed conveyed the life estate of Eliza L. Frost, now Stewart, the survivor of the first life tenants.

(b) As to the action of the court in endeavoring to construe the will, we do not see how the court could have done otherwise in endeavoring to arrive at the intention of the testatrix. If the direction that taxes and insurance on the homestead, after a period of ten years after decedent's death, are a charge on the residuary estate during the lives of the two first life ten-

ants, stood alone, there might be some force in appellant's contention. In view of the other provisions of the will in relation to the payment of taxes and insurance after the death of testatrix's sister Maggie W. Frost, and her niece Eliza L. Frost, by the parties then entitled to beneficial interest in enjoyment of said mansion house and five acres of land, and on the failure of said parties to pay the same, the direction to the trustee to rent the mansion house and five acres and to pay said taxes and insurance out of the proceeds, it was incumbent on the court to consider all of the provisions of the will in relation to said property, in order to arrive at a correct interpretation of the will.

(c) The important question in this case is whether by the deed to Sallie D. Bailey there was a merger of the first life estate with the second life estate in the said Sallie D. Bailey who is also the residuary legatee. We quote from the opinion of the lower court: ''That it was not the intent and purpose of the testator to charge against the residuary estate the payment of taxes and insurance of Croyden Lodge when the second life tenant came into possession of the property, is clearly expressed in the will, and we therefore feel that it is perfectly clear that it was not the intent and purpose of the testator to preserve and protect the interests of the third life tenant and the remainderman in the Croyden Lodge property by having the taxes and insurance on the same paid from the residuary estate during the tenancy of the first life tenant there, but that the provision for the payment of taxes and insurance was merely a portion of the testator's bounty to the first life tenants; and we feel that this is clearly shown by the latter part of the provision of the will above quoted, in which the testator provided: ...... 'During the time which my sister Maggie W. Frost and my niece Eliza L. Frost shall be entitled

to the beneficial interests or enjoyment of said mansion house and five acres of land, the said mansion house and the five acres of land is not to be rented under any pretext whatsoever;' and further, in the same paragraph, provides that when the second life estate vests, if that tenant or any life tenant thereafter should fail to pay the taxes: ...... 'My said trustee to rent the said mansion house and five acres more or less and pay said taxes and insurance out of the proceeds of said rental paying the balance to parties who may then be entitled thereto.'

"Unquestionably the first life tenants had the right to alienate the estate they received under this will to such person as they might choose and such alienation would carry with it the right to the grantees to have the taxes and insurance paid from the residuary estate so long as either of the first life tenants may live, and this right vested in Sallie D. Bailey under the said conveyance dated July 21, 1911, recorded in Bucks County, Pa., in Deed Book No. 367, page 248, and above mentioned."

We are entirely in accord with these views of the lower court.

Sallie D. Bailey, being now the owner of the interests of the first life tenants, as also under the will the owner of the next succeeding life estate, as also the residuary legatee, the question presents itself whether she is obliged to exercise the right to have the taxes and insurance paid from the residuary estate, so long as either of the first life tenants may be living, or whether the trustee, in face of objections by her, has the right to compel her to do so. If, under the will, it were evident that the testatrix intended that the payment of these taxes from the residuary estate was to preserve and protect the later estates, the trustee would have such right, but under the views we have expressed above, such intention does not appear.

Under the provisions of the will, immediately upon the second life tenant coming into possession, the payment of taxes and insurance from the residuary estate was to cease, and in the event that the second or subsequent life tenants failed to pay them, as provided in the will, the mansion house and the five acres were to be rented and the same were to be paid from such rentals. With the cessation of such payments, so charged upon the residuary estate, Sallie D. Bailey was entitled to the residuary estate free and discharged from the payment of such taxes and insurance.

The first life tenants had the right to convey their interests and estate in the homestead tract to anyone they saw fit. Sallie D. Bailey, having succeeded to their rights, could compel the trustee to pay taxes and insurance during the lifetime of either of the first life tenants so long as the residuary estate was sufficient to make such payments. Being the only person interested, there is nothing to prevent her, in the same manner as could the first life tenants have done, from releasing the residuary estate from the obligation to pay taxes and insurance. The right to protect the residuary estate is likewise vested in her, and her objection to the payment of taxes and insurance is equivalent to a release of the estate of testatrix from the payment of the same.

The same principle of law controls in this case as where a testamentary trustee with the power to sell real estate after the death of a life tenant, can exercise the power before that event if done with the life tenant's consent. It has been held in many cases that "although a power to be exercised after a certain event cannot be executed before the event has occurred, yet when the power is ample, but its exercise is postponed for the benefit of a particular person, the consent of that person will be equivalent to the happening of the contingency." B. E. Hamlin, Adm. v.

R. Thomas et al., 126 Pa. 20. In that case a testator devised real estate to his wife and, upon her death, to sell the same and pay the proceeds to his children. The executor sold during the lifetime of the widow, by her consent. This was an action of ejectment. The Supreme Court, by Mr. Justice MITCHELL, said: "The case does not call in question at all the settled rules that powers must be strictly pursued, and that a power to be exercised upon a given event cannot be properly executed before the happening of that event. But the exception is equally well settled that where a power is complete, but its exercise is postponed for the benefit of a particular person, the consent of that person will be equivalent to the happening of the stipulated contingency." Mr. Justice MITCHELL, in his opinion, refers to and quotes from Gast v. Porter, 13 Pa. 533; Styer v. Freas, 15 Pa. 339. See also Manderson v. Lukens, 23 Pa. 31; Knapp v. Nissley, 254 Pa. 379; Hupp v. Union Coal and Coke Co., 284 Pa. 529.

We can not agree with the contention of appellants that Sallie D. Bailey had only a contingent remainder in the residuary estate. She had, under the terms of the will, a vested remainder, subject only to be divested if the entire residuary estate became necessary for the payment of taxes and insurance on the homestead property. She being the only party in interest who could assert that right, having released the residuary estate from that charge, that contingency can not arise.

We believe that the case was properly decided, and that nothing can be profitably added to the comprehensive opinion of the lower court.

The assignments of error are overruled and the decree of the lower court affirmed.