## Rupert Estate

*George E. Wenger,* for petitioner.

*Thomas B. Steiger,* for respondents.

KELLER, *P.J.,* September 24, 1990—Mary M. Rupert died testate on October 30, 1974. Her last will and testament dated November 30, 1970, with a codicil dated March 16, 1971, was admitted to probate by the Register of Wills of Franklin County. Under the will, her son Edgar B. Rupert Jr., petitioner herein, was devised a life estate in the real estate here under consideration and fixtures attached therein. The real estate consisted of a meat market, known as Rupert's Meat Market, and a dwelling house; both were located along R.D. no. 7 in Chambersburg. Mr. Rupert was required to insure the property, pay the taxes and maintain the property in ordinary repair. Upon his demise the property was to be sold, converted into cash and equally divided into five shares: One share to the testatrix's son, Richard Jones; one-third of one share to Pamela J. Rupert, wife of petitioner; two-thirds of one share to the four children of petitioner; one share to the testatrix's daughter, Betty Sollenberger; one share to her daughter Doris Allen; and one share to

her daughter, Helen M. Bernecker. These persons shall collectively be referred to as the remaindermen.

A petition for the appointment of a trustee and for the sale of real estate and fixtures subject to the life estate was filed on June 1, 1990, by petitioner under 20 Pa.C.S. §§8301 and 8305. The court entered a decree ordering a citation be issued upon the remaindermen to show cause why the real and personal property subject to the life estate of Edgar B. Rupert Jr., should not be sold with a trustee appointed. Petitioner requested the trustee to hold either a public or a private sale and then either distribute the income to petitioner for and during his life, or to divide the property between petitioner and the remaindermen.

The citation was made returnable on August 6, 1990, at which time a trial without jury was to be held at 9:30 a.m. in courtroom no. 1. An answer to the petition was filed on July 20, 1990. The trial without jury was held at the scheduled time and place. Counsel were requested to submit briefs no later than August 21, 1990. Having received the briefs, this matter is now ripe for disposition.

Initially, it must be noted that petitioner brought suit under both 20 Pa.C.S. §8301 and 20 Pa.C.S. §8305. In petitioner's brief, which was submitted after the trial, he also attempted to interject 20 Pa.C.S. §6102 as a ground for bringing suit.

Title 20 Pa.C.S. §8301 provides:

"The court of common pleas, operating through its appropriate division, may authorize the sale, mortgage, lease or exchange of real property:

"(1) Where the legal title is held:

"(i) by a person whose spouse is an incompetent, or has abandoned him or her for one year, or has been absent in circumstances from which the law would presume his or her decease.

"(ii) by a tenant of an estate by entireties, when the other tenant of such estate has been absent in circumstances from which the law would presume his or her decease;

"(iii) by corporations of any kind having no capacity to convey, or by any unincorporated association; or

"(iv) by any religious, beneficial, or charitable society or association, incorporated or unincorporated, whose title is subject to forfeiture if real property is held in excess of the amount authorized by law.

"(2) Where the legal title is an estate tail, or subject to contingent remainders, executory interests, or remainders to a class some or all of whom may not be in being or ascertained at the time of the entry of the decree.

"(3) Where the legal title is otherwise inalienable." 20 Pa.C.S. §8301.

Both parties concede that neither paragraph one nor paragraph two are presently applicable. The petitioner urges that paragraph three is applicable in this case. With this we cannot agree.

Black's Law Dictionary 387 (5th ed. 1983), defines the term "inalienable" as "not subject to alienation." Black's defines "alienation" as:

"In real property law, the transfer of the property and possession of lands, tenements, or other things, from one person to another. The term is particularly applied to absolute conveyances of real property.

The voluntary and complete transfer from one person to another. Disposition by will. Every mode of passing realty by the act of the party, as distinguished from passing it by the operation of law."

In essence, alienation is the transfer of real property from one person to another. It follows that inalienation is the non-transferability of property, or property which cannot be transferred.

This is not the case with the real estate hereunder consideration. The will of Mary M. Rupert expressly provides for the sale of her property upon the death of petitioner. Thus, the real estate is not inalienable; it is *required* to be sold upon petitioner's demise. Property does not become inalienable merely because it is subject to a life estate.

In a case that was brought under the Revised Price Act, a forerunner of the current 20 Pa.C.S. §8301 et seq., the court was presented with a similar situation. In *Miller Estate,* 30 D.&C. 2d 746 (1963), the decedent devised her real estate to her daughter for life and remainder to her son. The life tenant then petitioned the court to direct the sale of the property. The court held:

"It is clear that the provisions of the Revised Price Act of 1945 have no application to the sale of the real estate of the testatrix since the interests of the petitioner and the respondent in the said real estate are vested, and the court therefore is without jurisdiction of such sale." *Miller* at 748. The trial judge then elaborated:

"[T]he court has no jurisdiction to sell interests which are vested and free of defeasance against the consent of the owners, *Kneass's Estate,* 31 Pa. 87; *Spencer v. Jennings,* 123 Pa. 184. Consequently we

are relegated to the provisions of the will of the testatrix in order to determine whether or not the jurisdiction to direct the sale of the real estate of the decedent exists." *Miller Estate* at 748.

Similarly, Mrs. Rupert devised a life estate to her son, remainder to nine named persons. Those remaindermen are vested; they are limited to named, ascertained and sui juris persons who will take the property under Mrs. Rupert's will, upon the happening of a specified event—the demise of Edgar B. Rupert Jr. See Black's Law Dictionary 672 (5th ed. 1983) and Hunter, Orphans' Court—Vested and Contingent Remainders §5(b) at 178 (1959).

The interests and wishes of the remaindermen must be considered. *Estate of Dingee,* 109 Pa. Super. 455, 167 A. 369 (1933). The wishes of those nine people have been considered. Four of the remainderman, viz Betty Sollenberger, Doris Allen, Helen Bernecker and Donna (Rupert) Politzer, testified at trial that selling the real estate devised to petitioner would not be in their best interests. They therefore did not consent to its sale. Thus, this court is without jurisdiction to hear this case under 20 Pa.C.S. §8301.

*Miller Estate, supra,* requires us to look to the will of Mary M. Rupert. Likewise, jurisdiction cannot be found by this court in the will that would allow us to direct a sale of this property. The will very clearly provides for the sale of the real estate after the demise of petitioner. Thus, since petitioner is alive, the will does not confer jurisdiction on this court to hear this case or order the sale as sought.

Secondly, the petitioner brought suit under 20 Pa.C.S. §8305. It provides:

"Where real property is held by a person or persons subject to future interests *in a person or persons unborn, unascertained or not sui juris* and it shall appear to the court that it would be to the interests of such persons having future interests that the real property should be sold, mortgaged, leased or exchanged, the court, upon the application of any party in interest, may appoint a trustee to sell, mortgage, lease or exchange the real property and to receive the proceeds and hold them in trust for such present and future interests as shall be directed by the court." (emphasis supplied)

Clearly this section does not apply in the case at bar. Upon the death of petitioner, the real estate will be sold and divided according to the provisions in the will. The property will be received by nine named adults; these persons are not unborn, they are not unascertained, nor are they not sui juris. This second is not applicable to the case at bar.

Lastly, petitioner submitted in his brief the applicability of 20 Pa.C.S. §6102. This section provides:

"(a) *Failure of original purpose*—The court having jurisdiction of a trust heretofore or hereafter created, regardless of any spendthrift or similar provision therein, in its discretion may terminate such trust in whole or in part, or make an allowance from principal to one or more beneficiaries provided the court after hearing is satisfied that the original purpose of the conveyor cannot be carried out or is impractical of fulfillment and that the termination, partial termination, or allowance more nearly approximates the intention of the conveyor, and notice is given to all parties in interest or to their duly appointed fiduciaries.

"(b) *Distribution of terminated trust*—Whenever the court shall decree termination or partial termination of a trust under the provisions of this section, it shall thereupon order such distribution of the principal and undistributed income as it deems proper and as nearly as possible in conformity with the conveyor's intention.

"(c) *Other powers*—Nothing in this section shall limit any power of the court to terminate or return a trust under existing law."

Obviously this act is not applicable to the case at bar, for section 6102 concerns the termination of trusts. The estate of Mary M. Rupert consists simply of real property subject to a life estate, which was devised through a will. No trust is involved in this case.

In order to create a trust, three requirements are necessary; a trustee, a res and one or more beneficiaries. The res, or property, must be owned by the trustee, who is required to care for it as specified in the trust agreement for the benefit of the beneficiaries. The settlor/testatrix must also intend to create a trust. *Sherwin v. Oil City National Bank,* 229 F.2d 835 (3d Cir. 1956). None of the elements are present here, nor has either party shown this to be present in the above case.

Since this court possesses no jurisdiction, the petition will be denied.

## ORDER

Now, September 24, 1990, the petition of Edgar B. Rupert Jr. for appointment of a trustee and for the sale of real estate and fixtures formerly assets of the estate of Mary M. Rupert, deceased, is denied.